**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JESSIE MATTHEWS                                                                                    PLAINTIFF

V.                                                                                    CAUSE NO: 3:05-cv-626WS

GRAOCH ASSOCIATES, et al.                                                            DEFENDANTS

ORDER

Before the Court is plaintiffs' motion for remand [docket # 4]. Plaintiff commenced this action on September 13, 2005, in the Hinds County Circuit Court; defendants subsequently removed the suit to this Court on October 17, 2005. Defendants claim plaintiff has improperly joined in-state defendants; thus, diversity jurisdiction is present under 28 U.S.C. § 1332.[1]  Plaintiff maintains that valid claims exist against all named defendants and now seeks remand. To prevail against a motion to remand, defendants must establish that plaintiff has no reasonable basis for recovery against the non-diverse defendants. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The Court is to construe all factual disputes and ambiguities in the controlling state law in favor of remand. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

Plaintiff's injuries stem from a fall suffered in the stairwell of an apartment complex. The corporate defendants are the owner and the property management company, each of whom is diverse to the plaintiff. At issue is whether the individually named in-state defendants may be held liable for actions taken as employees of the property management company.

---

[1] Title 28 U.S.C. 1332 grants the district courts original jurisdiction over those civil cases where there is diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of costs and interest.

Defendants argue that in a premises liability claim, the duty is owed by the property owner and not the manager. It is true that Mississippi law does not impose liability based merely upon managerial status, but it does recognize liability of a manager or employee for any direct acts of negligence. *See,* e.g., *Griffin v. Dolgen*, 143 F. Supp.2d 670 (S.D. Miss. 2001); *Hill v. Beverly Enterprises-Mississippi, Inc.*, 305 F. Supp.2d 644 (S.D. Miss. 2003); *Mims v. Renal Care Group, Inc.*, 399 F. Supp.2d 740 (S.D. Miss. 2005). Plaintiff has alleged direct acts of negligence by the individually named managers. Under the facts presented, this Court cannot say that plaintiff has no reasonable possibility of recovery against the non-diverse defendants; therefore, remand is appropriate and plaintiff's motion is GRANTED.

SO ORDERED AND ADJUDGED, this the 22nd day of September, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

ORDER
CIVIL ACTION NO. 3:05cv626